United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 05-41289
Summary Calendar

————————————

DARNELL R. SMITH,

Plaintiff-Appellant,

versus

DR. ALLAN PINCHBACK, ET AL.,

Defendants,

DR. ALLAN PINCHBACK,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CV-548
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Darnell R. Smith, Texas prisoner # 666016, filed the instant
42 U.S.C. § 1983 suit to seek redress for the defendants' alleged
deliberate indifference to his serious medical needs.  Smith
appeals the trial court's dismissal of his suit.  Smith contends
that the court erred by dismissing defendant Kennedy from the
suit because she denied his grievance and because she should have
known of the dental defendants' refusal to treat him but did

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nothing to help him.  Neither of these assertions establishes a viable claim against this defendant.  See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).  Smith has thus failed to show that the district court acted erroneously by dismissing this claim.

Smith further argues that the trial court erred by dismissing his claims against the remaining defendants.  He maintains that he did not receive proper dental care and that he endured severe pain because the defendants did not promptly treat his serious dental problems.  The record evidence supports the court's conclusions that Smith received extensive dental care and that the defendants did not exhibit deliberate indifference to his serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The judgment of the trial court is AFFIRMED.