# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2011

No. 10-20136
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT A. TUFT,

Plaintiff - Appellant

v.

THE STATE OF TEXAS; BRENDA CHANEY, former Warden of Jester 3 Unit;
KATHREN GONZALES, Lieutenant of Correctional Office at the Jester 3 Unit;
RICHARD LEAL, Assistant Warden of the Jester 3 Unit; EDDIE WILSON; R.
WALDON; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; J. P. GUYTON;
KELLI WARD; MARY WARD; FRANK HOKE; DENISE JACKSON; MARY
BECERRA; REGINALD HALL; BRENDA CARVER; JOE HICKS; DOUGLAS
DRETKE, former Director of Texas Criminal Justice-Correctional Institutions
Division (CID); JOHN DOE; JANE DOE; NATHANIEL QUARTERMAN,
Current Director of Correctional Institutions Division; VERNON PITTMAN,
current Warden of Jester 3 Unit,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-2529

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20136

Proceeding *pro se*, Robert A. Tuft, Texas prisoner # 1062966, appeals the summary-judgment dismissal of his civil rights action, filed under 42 U.S.C. § 1983, as well as other rulings by the district court. Tuft sued the State of Texas, the Texas Department of Criminal Justice (TDCJ), and numerous prison officials in their individual and official capacities, seeking nominal, compensatory, and punitive damages, declaratory and injunctive relief, and transfer to federal-protective custody. Tuft alleged prison conditions, including unsanitary conditions, waiting in line to receive medication, and female guards participating in strip searches of male prisoners, violated the Eighth and Fourteenth Amendments, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Summary judgment was granted against Tuft's claims.

In regard to the court's interlocutory rulings, Tuft contends the district court erred by ordering him to file a more definite statement of his claims. Such an order is reviewed for abuse of discretion. *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989). Although Tuft maintains most of the information the district court required by its order was already included in his pleadings, the order identified specific details Tuft failed to provide in his amended complaint. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Tuft further asserts the court erred by requiring in its order for a more definite statement that he provide information related to exhaustion of claims. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding inmate not required to demonstrate exhaustion in complaint). Error, if any, was harmless because the court did not dismiss any of Tuft's claims as unexhausted until *after* defendants raised exhaustion in their answer as an affirmative defense and moved for summary judgment on that basis. *See* FED. R. CIV. P. 61 (noting court must disregard all errors not affecting party's substantial rights).

Other interlocutory rulings Tuft challenges include denial of his motions for leave to amend his pleadings, under Federal Rule of Civil Procedure 15(a)(2). Denial of such motion is also reviewed for abuse of discretion. *Foman v. Davis*,

2

371 U.S. 178, 182 (1962).  "While leave to amend must be freely given, that generous standard is tempered by the necessary power of a district court to manage a case", *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987); and "a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim", *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003) (internal citation and quotation marks omitted).

Because Tuft requested leave to amend his pleadings *after* he already filed an amended complaint, his motions for leave to amend were subject to the court's discretion under Rule 15(a)(2).  The court's ruling was consistent with a concern for avoiding "undue prejudice to the opposing party by virtue of allowance of the amendment", a "permissible base[] for denial of a motion to amend".  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 391 (5th Cir. 2005) (internal citation and quotation marks omitted).

Tuft failed to brief any challenge to the denial of his motions for reconsideration of those rulings; accordingly, that issue is waived.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

Tuft also appeals the denial of leave to file a supplemental complaint to include claims arising after the date of his amended complaint.  Such denial is reviewed for abuse of discretion; however, Tuft fails to explain why the district court's decision constituted such abuse. *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998).

Finally, Tuft maintains the district court abused its discretion in denying his motion to file supplemental records consisting of documents showing ADA architectural guidelines.  The district court properly struck the document because Tuft failed to verify them. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529-31 (5th Cir. 2005); *see also* FED. R. CIV. P. 56(c)(4).  Although Tuft also challenges the denial of reconsideration of its order striking the documents, he has not briefed his claim against that ruling, and, therefore, waived any error attending it. *See Hughes*, 191 F.3d at 613.

Tuft asserts the district court erred by failing to apply the continuing-tort doctrine to claims it ruled as time-barred under 28 U.S.C. § 1915A. A dismissal of claims under § 1915A is reviewed *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). For purposes of the continuing-tort doctrine, "a continuous tort involves not only continuing wrongful conduct, but continuing *injury* as well". *Upjohn Co. v. Freeman*, 885 S.W.2d 538, 542 (Tex. App. 1994). Tuft did not allege continuing *injury* with respect to the claims dismissed as time barred. For example, although Tuft maintained unsanitary prison conditions caused his ongoing bacterial infection, and that those conditions persisted, he did not assert that the "wrongful conduct continues to effect additional injury". *Id*.

Tuft also contends the court improperly dismissed, pursuant to 42 U.S.C. § 1997e(e), his ADA and constitutional claims regarding prison conditions; however, this assertion is unavailing to the extent he sought compensatory damages. *See Geiger*, 404 F.3d at 375 (stating failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries). We also review *de novo* the dismissal of claims under § 1997e(e). *Geiger*, 404 F.3d at 373. Although § 1997e(e) prohibits Tuft from recovering compensatory damages, it does not bar his ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). In any event, even if the dismissal of claims for "monetary" damages included nominal and punitive damages, any error was harmless because, as explained below, the court properly granted summary judgment against the constitutional and ADA claims regarding prison conditions. *See* FED. R. CIV. P. 61.

Tuft asserts the court erred in granting summary judgment on his claims regarding: a cross-sex strip search in 2005; the constitutionality of TDCJ policy governing strip searches; deliberate indifference to his serious medical needs; deliberate indifference to his health and safety; and violations of the ADA. A summary judgment is reviewed *de novo*. *Cousin v. Small*, 325 F.3d 627, 637 (5th

Cir. 2003). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmovant to provide specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(c), (e). In reviewing summary judgment, "[w]e construe all facts and inferences in the light most favorable to the nonmoving party". *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).

Under § 1997e(a), a prisoner is prohibited from bringing a claim pursuant to § 1983, "until such administrative remedies as are available are exhausted". The court held Tuft failed to exhaust his claims regarding: waiting in line and in the cage for medication; treatment for hepatitis C; unsanitary prison conditions; having to walk more than 50 yards to receive medication; the lack of comfortable shirts; and failing to provide handicapped recreational facilities. Tuft contends he exhausted these claims; however, we disagree.

Tuft acknowledged he did not exhaust his claim that prison officials violated the ADA by failing to provide handicapped recreational facilities. He also failed to exhaust his Eighth Amendment claim he was denied medical care when required to wait in line and then walk 50 yards for medication. *See Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Although Tuft maintains he filed grievances (that were not returned to him) regarding his other claims, Tuft does not contend, and the record does not show, that he filed grievances for these claims. *See id.* at 517-23. Because he failed to "pursue the grievance remedy to conclusion", Tuft failed to exhaust the claims. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). In addition, the court properly dismissed as unexhausted Tuft's claim regarding having to walk 50 yards to the medication line to the extent Tuft did not file administrative grievances for this claim until after filing this § 1983 action. *See Richardson v. Spurlock*, 260 F.3d

5

495, 499-500 (5th Cir. 2001). Nevertheless, even if Tuft satisfied the exhaustion requirement, none of his claims constituted deliberate indifference of his medical needs.

Summary judgment was granted on the merits against Tuft's remaining ADA claims. Tuft failed to create a genuine issue of material fact with regard to them. In his initial brief, Tuft does not brief any challenge to the summary-judgment dismissal of these claims. Defendants contend, however, that the dismissal of Tuft's ADA claim regarding overcrowded showers was proper, and Tuft challenges the dismissal of that claim in his reply brief. Accordingly, although Tuft has waived any error with respect to the dismissal of other ADA claims on the merits, *see Hughes*, 191 F.3d at 613, we have discretion to consider Tuft's contentions regarding overcrowded showers, *see United States v. Rodriguez*, 602 F.3d 346, 360-61 (5th Cir. 2010).

Despite complaining about such overcrowding, Tuft did not provide any summary-judgment evidence showing he and other prisoners with disabilities were treated differently from non-disabled prisoners. Therefore, even assuming Tuft is a "qualified individual with a disability" and the provision of showers is one of the "services, programs, or activities" of the TDCJ, and consistent with the district court's ruling, the crowded conditions of the showers did not constitute an ADA violation because there is no evidence he was discriminated against in his use of prison showers by reason of his disability. *See Lightbourn v. County of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997). In addition, Tuft failed to allege the overcrowding had a greater effect in impairing his access to showers than it did for non-disabled prisoners. *See* 28 C.F.R. § 35.160(b)(1).

Tuft appeals the summary-judgment against his cross-sex strip-search claim, in which a female guard allegedly participated, by maintaining: it violated his constitutional rights; and the prison policy governing such searches is unconstitutional. In Tuft's verified amended complaint, he alleged Lt. Gonzalez, a female corrections officer, participated in a strip search of Tuft and

six other inmates on 26 February 2005. *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."). According to Tuft, all seven inmates were ordered into a prison security office after being questioned about the source of cigarette smoke the previous day; Lt. Gonzalez was sitting at a desk "within arms reach" of the inmates; a male officer named Lt. Peterson and two other male officers were present; Lt. Gonzalez ordered the prisoners to remove their clothing; two of the male officers searched the prisoners' clothing while Lt. Gonzalez "was directing the search and participated in the visual cavity search by observing closely"; and after the inmates told Lt. Gonzalez they had no information, she replied they would be "subjected to these humiliating strip searches by her if [they] did not snitch on the smokers". Tuft supported his claims with affidavits from two of the six other prisoners who were strip searched.

Defendants admitted Tuft and other prisoners were strip searched but submitted affidavits from Lts. Gonzalez and Peterson denying Lt. Gonzalez' participation. In addition, defendants submitted a copy of the TDCJ policy governing such searches, Administrative Directive 03.22 (AD 03.22), which authorizes strip searches of male offenders by staff of the opposite sex, but "only in extraordinary circumstances and when approved by a supervisor". The policy also states: "[i]f, under ordinary circumstances, a female officer is present in the vicinity of a male offender being strip-searched, the officer's duty is solely to provide security for the searching officer"; and "[t]he female officer shall not actively participate in the strip search" in such a case. Tuft maintained the policy was unconstitutional with respect to strip searches, insofar as it authorized Lt. Gonzalez to strip search him.

We have recognized a prisoner: possesses a "constitutional right to bodily privacy" that "is minimal, at best", *Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002); and "loses those rights that are necessarily sacrificed to legitimate

penological needs", *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994). Accordingly, we have held "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed"; however, "proving reasonableness is a light burden", because "a prison administrator's decision and actions in the prison context are entitled to great deference from the courts". *Id.* at 191 (internal citation and quotation marks omitted). Thus, "visual body cavity searches of prisoners can be constitutionally reasonable", but judging the reasonableness of such a search "'requires a balancing of the need for the particular search against the invasion of personal rights that the search entails'" while "'consider[ing] the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted'". *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 558-59 (1979)).

Regarding prison regulations, we "give great deference to prison administrators' judgments regarding jail security" and will uphold such regulation if it is "'reasonably related to legitimate penological interests'". *Oliver*, 276 F.3d at 745 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). *Oliver* upheld the constitutionality of AD 03.22, at issue, regarding cross-sex strip searches. *Id.* at 742-43. Although the regulation has been amended since our court reviewed its constitutionality in *Oliver*, the current policy also "narrowly cabins the scope" of such searches by permitting them only under "'extraordinary circumstances'". *Id.* at 743 (quoting AD 03.22). A prisoner "might allege specific facts that would make lower-level officers liable for any unconstitutional *application* of the policy; the policy itself, however, is constitutional". *Id.*

The court properly ruled that Tuft's claims for monetary damages against all individual defendants, in their official capacities as employees of the State of Texas, are barred by the Eleventh Amendment. *See id.* at 742. The Eleventh Amendment also justifies the district court's dismissal of claims against the State of Texas and the TDCJ, "regardless of the relief sought". *See Puerto Rico*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) ("This court may affirm on any basis supported by the record."). The district court properly dismissed Tuft's claims against former TDCJ-ID Director Douglas Dretke, former Jester III Warden Brenda Chaney, and Jester III Assistant Warden Richard Leal in their individual capacities, as well as for vicarious or respondeat-superior liability. Tuft did not produce any summary judgment evidence showing these TDCJ officials were personally involved in the 2005 strip search or that they implemented a policy that was itself a repudiation of constitutional rights and the moving force of the constitutional violation. *See Oliver*, 276 F.3d at 742.

The district court found Tuft's claim, "that the sole purpose of the female officer's presence during the search was to sexually coerce and humiliate him into disclosing information", was "conclusory and unsupported". Tuft, however, supported his claim that Lt. Gonzalez participated in the search in order to sexually coerce him into telling the officers who was smoking, with competent summary-judgment evidence, including his verified pleadings and affidavits from two other prisoners. "Any credibility determinations [the district court] made between the officers' and [Tuft's] version of events [was] inappropriate for summary judgment." *Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005). "[C]onstru[ing] all facts and inferences in the light most favorable to the nonmoving party", *Dillon*, 596 F.3d at 266 (5th Cir. 2010) (internal citation and quotation marks omitted), we vacate the district court's partial dismissal of Tuft's claim against Lts. Gonzalez and Peterson in their individual capacities as premature, and remand the claim for further proceedings, *see Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999).

The district court recognized that Tuft seeks nominal and punitive damages, but found that analysis of defendants' qualified immunity was unnecessary because Tuft disclaimed any request for "monetary" damages. The

court cited Tuft's summary-judgment response, in which Tuft stated he did not seek "damages for mental or emotional injury". Tuft contends the district court "erroneously and incorrectly" found he disclaimed "monetary damages".

In that regard, Tuft stated in his summary-judgment response that he requested "nominal and punitive damages for this claim". Liberally construing his statement regarding damages for mental or emotional injury, he apparently meant to disclaim only compensatory damages for the 2005 strip search, because compensatory damages, apart from physical injury, are unavailable under § 1997e(e). *See Oliver*, 276 F.3d at 740 (holding pleadings filed by *pro se* litigant entitled to liberal construction); *see also Hutchins*, 512 F.3d at 197-98 (holding nominal and punitive damages available for constitutional violations notwithstanding § 1997e(e)). To the extent the district court interpreted Tuft's summary-judgment response as disclaiming nominal and punitive damages, it misread it. *See Oliver*, 276 F.3d at 740. As explained above, Tuft stated a colorable claim for an unconstitutional cross-sex strip search in 2005 and supported it with competent summary-judgment evidence. *See Moore*, 168 F.3d at 236-37. Accordingly, on remand, the district court may wish to consider whether Lts. Gonzalez and Peterson are entitled to qualified immunity from Tuft's claim for nominal and punitive damages.

Tuft contends additional discovery was needed before the district court ruled on the summary-judgment motion. The district court, however, granted Tuft's Rule 56(d) extension request, and Tuft has not provided any specific facts to suggest additional discovery time would have enabled him to locate information that would have successfully rebutted the summary-judgment motion regarding the dispositive issues in his action. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Tuft asserts the district court abused its discretion in denying his motion for a temporary-restraining order and preliminary injunction to require prison officials to allow Tuft to keep his medication on his person. Our court lacks

jurisdiction over the denial of a temporary-restraining order, therefore, Tuft's appeal of that ruling is dismissed. *See Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999).

A denial of a preliminary injunction is reviewed for abuse of discretion. *SEC v. First Fin. Group of Tex.*, 645 F.2d 429, 433 (5th Cir. 1981). "[A]ll interlocutory orders are reviewable on appeal from the final decree." *Gloria S.S. Co. v. Smith*, 376 F.2d 46, 47 (1967); *see also First Fin. Group*, 645 F.2d at 433 (applying that principle to a preliminary injunction ruling). The appeal from the denial of the preliminary injunction became moot when the district court granted summary judgment against Tuft's claim for injunctive relief on the same basis, because an appeal is proper only from the final order addressing injunctive relief. *See First Fin. Group*, 645 F.2d at 433. Accordingly, we "dismiss the appeal . . . from the order of preliminary injunction". *Id.*

Moreover, as explained above, Tuft's claims for injunctive relief became moot when he was transferred from the Jester III Unit to another unit in 2009. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). In any event, the court did not abuse its discretion in denying the preliminary injunction because there was no substantial threat Tuft would suffer irreparable injury if the injunction was not granted. For the same reason, we dismiss his challenge to the denial of his motion for "reconsideration" of the denial of injunctive relief as moot.

DISMISSED in part; AFFIRMED in part; VACATED on the dismissal of Tuft's claims for nominal and punitive damages against Lts. Gonzalez and Peterson in their individual capacities; REMANDED for further proceedings.