# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

No.  11-20231

Lyle W. Cayce
Clerk

HERBERT DARRELL HAY,

Plaintiff-Appellant

v.

RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division; BELVIS MCBRIDE, BDDS Jester III Dentist; BILLY HORTON, BDDS Assistant Director of University of Texas Medical Branch Medical Services; S. K. DOSTAL, Practice Manager for University of Texas Medical Branch; UNIVERSITY OF TEXAS MEDICAL BRANCH,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-4075

Before HIGGINBOTHAM, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Herbert Darrell Hay, a *pro se* inmate, filed a Section 1983 complaint alleging defendants violated his Eighth Amendment rights, the Americans with Disabilities Act and the Rehabilitation Act.  The district court granted summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20231

judgment in favor of the individual defendants, and dismissed Hay's claims against defendant University of Texas Medical Branch (UTMB). On appeal, Hay contends the district court erred by granting summary judgment, denying several motions he filed with the court, and refusing to enter a default judgment against UTMB. Finding no error, we affirm the judgment of the district court.

I.

Plaintiff-appellant Herbert Darrell Hay is a prisoner in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ). He is in his sixties and suffers from several chronic diseases. When Hay was previously incarcerated from 1976 to 2003, he qualified for and received dentures. Prison policy changed in 2003, however, and Hay was released on parole without dentures in 2004. He returned to prison in December 2007.

In 2009, Hay filed a Section 1983 complaint alleging that he received inadequate dental care in 2008 and 2009 because officials refused to provide him with dentures, in accordance with a prison policy severely restricting the issuance of dentures. The defendants were identified as Rick Thaler, director of the TDCJ; Billy Horton, a dentist serving as the assistant director for UTMB; Belvis McBride, the dentist at the Jester III Unit in which Hay is incarcerated; and S. K. Dostal, the dental practice manager for UTMB. Hay claimed he was denied appropriate dental treatment under UTMB policies, that he repeatedly and unsuccessfully voiced his complaints to the defendants, and that he asserted that his rights under the Americans with Disabilities Act (ADA) were being violated. He requested declaratory and injunctive relief and monetary damages from McBride, Dostal and Horton in their individual capacities, and declaratory and injunctive relief from Thaler in his official capacity. He amended his complaint to add UTMB as a defendant on the grounds that UTMB helped formulate the challenged dentures policy. Hay sought declaratory, injunctive and

No. 11-20231

monetary relief from UTMB, punitive damages from all defendants except McBride, and an injunction ordering defendants to provide him with dentures.

The individual defendants moved for summary judgment, claiming they were entitled to qualified immunity and Eleventh Amendment immunity, and that Hay failed to establish a claim under the Eighth Amendment, ADA, or Rehabilitation Act (RA). Hay in turn moved for summary judgment against these defendants. In addition, because UTMB did not respond to Hay's amended complaint, Hay requested entry of a default judgment against it.

The district court denied Hay's request for default judgment against UTMB on the grounds that it had never been served with process. It granted summary judgment in favor of the individual defendants and denied Hay's motions for summary judgment, concluding Hay had failed to state a viable deliberate indifference claim under the Eighth Amendment, or any claims under the ADA and RA. Specifically, the court found that the defendants followed prison procedures and provided treatment meeting the standard of care for serious medical conditions. It also concluded that individual defendants may not be held liable under the ADA and RA. Finally, the district court granted summary judgment in favor of defendant Thaler in his official capacity and dismissed Hay's claims against UTMB with prejudice under 28 U.S.C. § 1915A. It held that Hay's claims against Thaler were barred by the Eleventh Amendment, that Hay's Section 1983 claims against UTMB were barred by the state's sovereign immunity, and that UTMB was not a "person" for purposes of Section 1983. The court dismissed Hay's complaint and denied all other outstanding motions.

Hay filed a motion for a new trial under Fed. R. Civ. P. 59(e), claiming the procedural posture of the case made summary judgment improper. The district court denied this motion, and Hay filed a notice of appeal with this court. Hay then filed a motion for relief of judgment under Fed. R. Civ. P. 60(b). That

No. 11-20231

motion and Hay's subsequent motion for reconsideration were denied by the district court.[1]

## II.

Hay first argues that the district court erred in granting summary judgment to defendants on his Eighth Amendment claims of deliberate indifference because there were disputed genuine issues of material fact.

"We review a district court's order granting summary judgment *de novo*."[2] Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."[3] In making this determination, all evidence and facts must be viewed in the light most favorable to the non-movant.[4] A genuine issue of material facts exists when after considering the pleadings, depositions, answers to interrogatories, admissions and affidavits, the evidence is such that a reasonable jury could return a verdict for the non-movant.[5] "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."[6] "Once a movant

---

[1] The filing of a notice of appeal gave this Court jurisdiction over this case. That Hay's Rule 60(b) motion and motion for reconsideration were filed in the district court after the notice of appeal did not divest us of jurisdiction. *See Lopez Dominguez v. Gulf Coast Marine & Assoc., Inc.*, 607 F.3d 1066, 1073-74 (5th Cir. 2010) ("Although an effective notice of appeal strips district courts of jurisdiction to *grant* a Rule 60(b) motion, it does not prevent litigants from filing them in the district court while an appeal is pending. Instead, the district court retains jurisdiction to consider and deny Rule 60(b) motions....") (internal modifications, quotation marks and citations omitted).

[2] *LeMaire v. Louisiana Dep't of Transp. and Dev.*, 480 F.3d 383, 386 (5th Cir. 2007).

[3] FED. R. CIV. P. 56(a).

[4] *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[6] *Id.*

No. 11-20231

who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted."[7]

Hay's complaint alleged the defendants violated his Eighth Amendment rights because they were deliberately indifferent to Hay's serious medical needs by denying him dentures. In order to state a claim under the Eighth Amendment, Hay had to show that he was denied "adequate medical care."[8] "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'"[9] This may be demonstrated by alleging the official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[10] On the other hand, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."[11] A defendant may present "[m]edical records of sick calls, examinations, diagnoses, and medications [to] rebut an inmate's allegations of deliberate indifference."[12]

---

[7] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[8] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal modifications omitted) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

[9] *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

[10] *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted).

[11] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

[12] *Id.* at 346 n.24 (internal quotation marks and citations omitted).

No.  11-20231

Hay appears to identify four factual disputes that he contends precluded summary judgment on his Eighth Amendment claim.  First, he argues that it was not clear whether McBride, the dentist who treated him, was following UTMB policies when he denied Hay's requests for dentures.  Hay claims that when he arrived at the unit, a handout attached to his orientation handbook stated that "[d]entures are not issued any longer, but [we] will maintain the ones you already have."[13]  UTMB's medical manual instructed medical personnel that dentures could only be provided to prisoners if "medically necessary."  Medical personnel were directed to consider the prisoner's Body Mass Index (BMI) in making this determination, since dentures would be medically necessary for prisoners whose dental problems prevented them from receiving adequate nutrition.

Hay points to no evidence indicating McBride did not follow UTMB's written policies on dentures when treating him.  To the contrary, records from Hay's eight medical visits during the twenty-month period at issue confirm McBride explained the UTMB denture policies to Hay on at least three separate occasions, that Hay indicated he understood those policies, that McBride's examinations revealed Hay did not meet the "medically necessary" criteria at least in part because he experienced no significant BMI changes, and that McBride provided treatment for Hay's various dental-related complaints.  Because Hay has failed to show a disputed issue of material fact regarding whether McBride followed UTMB policy, he is not entitled to relief on this point.

Second, Hay claims there was a disputed issue of material fact regarding whether Hay was in pain during this time.  No such dispute appears to have existed, however.  Neither the defendants nor the district court denied that Hay was in pain.  Instead, the district court found Hay had failed to present evidence

---

[13] Hay states in his brief that this was a distinct and unconstitutional unit policy created by defendant Dostal, but provides no support for that allegation.

No. 11-20231

that this pain amounted to a "serious medical condition." On appeal, Hay does not point to any new evidence on this issue, but simply emphasizes he reported pain during some of his visits to the clinic. Because he has failed to show that there was any dispute regarding the fact that he experienced pain, he has not demonstrated that summary judgment was inappropriate on this ground.

Hay next claims that he received inadequate care for one of his teeth, tooth number 13. He alleges he showed the breaking tooth to McBride on several occasions, and that McBride failed to properly examine and treat it. As a result, Hay contends, McBride acted with deliberate indifference. The record, however, shows that McBride examined tooth number 13 on several occasions and, following examination, determined Hay's complaints necessitated "Priority 2" level care. As we have previously explained, evidence such as medical records of visits, examinations and diagnoses may rebut an inmate's allegations of deliberate indifference.[14] Hay does not dispute that McBride made these examinations and evaluations; instead, he disagrees with the treatment he received, claiming he should have been afforded emergency care for his complaint and that tooth number 13's dislodged filling should have been repaired more quickly. Disagreement with the substance of McBride's professional evaluation is not sufficient to support a claim of deliberate indifference, and Hay has therefore not demonstrated that summary judgment was improper.[15]

Finally, Hay argues that there is a factual dispute concerning whether McBride considered Hay's overall health or only his BMI in determining his eligibility for dentures. Hay presents no evidence that consideration of his BMI

[14] *See Gobert*, 463 F.3d at 346 n. 24.

[15] *See, e.g.*, *Domino*, 239 F.3d at 756 ("[T]he decision whether to provide additional treatment is a classic example of a matter for medical judgment.") (internal quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)).

No. 11-20231

was a medically improper way of determining his eligibility for dentures. Furthermore, McBride's consideration of Hay's BMI was in accordance with UTMB's written policies, and the defendants presented evidence in the form of affidavits from Horton and an expert supporting McBride's treatment of Hay and UTMB's denture policies. The record evidence also showed McBride reviewed Hay's medical records and successfully treated Hay for several of his dental complaints, even though the treatment did not meet Hay's specifications.[16] Given this, Hay has not presented sufficient evidence to support a claim that McBride acted with "wanton disregard for [his] serious medical needs."[17]

Hay has failed to show the district court overlooked a genuine dispute of material fact that precluded summary judgment, and makes no other substantive arguments against the dismissal of his Eighth Amendment claims.[18] We therefore affirm the judgment of the district court on this issue.

III.

Hay next challenges the dismissal of his ADA and RA claims.[19]

Hay brought several claims under the ADA and RA against defendants McBride, Horton and Dostal in their individual capacities, defendant Thaler in his official capacity, and defendant UTMB. Title II of the ADA provides that an

---

[16] *See Bejaran v. Cruz*, 79 Fed. Appx. 73, 74 (5th Cir. 2003) ("Bejaran's admission in his complaint that the prison medical staff took x-rays...[and] gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs.")

[17] *Domino*, 239 F.3d at 756.

[18] Hay states the defendants were not entitled to qualified or Eleventh Amendment immunity, but provides no argument or evidence in support of this allegation. Conclusory statements cannot defeat a motion for summary judgment. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345-46 (5th Cir. 2007).

[19] The district court did not err in dismissing Hay's RA claims against these defendants in their individual capacities. *See Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999). Because the remedies, procedures, and rights under the ADA are the same as those under the RA, we note that the district court reasoned there also would be no individual liability for claims of violations under the ADA. *See Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).

No.  11-20231

individual shall not be "excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity" by reason of a qualifying disability.[20]  To state a claim for relief under the ADA, the plaintiff must allege "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services...for which the public entity is responsible...; and (3) that such discrimination is by reason of his disability."[21]  The RA has a similar purpose and pleading requirements.  The Act states that a disabled individual shall not "solely by reason of her or his disability...be denied the benefits of...any program or activity receiving Federal financial assistance."[22]  To state a claim for relief under the RA, a plaintiff must allege: "(1) the existence of a program or activity within the state which receives federal financial assistance; (2) the plaintiff is an intended beneficiary of the federal assistance; and (3) the plaintiff is a qualified handicapped person, who solely by the reason of her handicap has...been denied benefits from, or otherwise been subject to discrimination under such program or activity."[23]

Hay alleges several disabilities, including chronic diseases (namely, chronic obstructive pulmonary disease, schizophrenia, and hypertension), and a lack of natural teeth, and that the defendants denied him the benefit of services, programs or activities of the TDCJ by refusing to provide him with dentures.  He does not claim, however, that this alleged discrimination was by reason of his disabilities, and such a claim is not supported by any evidence in

---

[20] 42 U.S.C. § 12132.

[21] *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

[22] 29 U.S.C. § 794(a).

[23] *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n. 8 (5th Cir. 2004) (emphasis omitted).

No. 11-20231

the record.[24] Hay appears to argue on appeal that he should have received an accommodation for his disabilities under the ADA.[25] However he does not allege, much less explain, how his alleged disabilities made it more difficult for him to access the benefits of TDCJ's services – namely, dentures – or gave him less meaningful access to those services. Thus, even if we assume that Hay could bring RA and ADA claims against these particular defendants, has a qualifying disability under the ADA and RA, and was denied services of the TDCJ, we must conclude that he has failed to present a prima facie case under either statute. His claims were therefore properly dismissed by the district court.

IV.

Hay next challenges two orders of the magistrate judge.[26] First, he contends the magistrate judge erred by denying him leave to amend his complaint. Second, he claims the magistrate judge erred by denying his motion and amended motion for counsel. We review both for abuse of discretion.[27]

---

[24] *Compare with Hale*, 642 F.3d at 499 (plaintiff made prima facie case by alleging that he was stopped from using certain facilities "*because* he has Hepatitis C, chronic back problems, and psychiatric conditions") (emphasis added); *Tuft v. Texas*, 410 Fed. Appx. 770, 775 (5th Cir. 2011) (plaintiff did not show over-crowding of showers was an ADA violation because there was no evidence plaintiff was discriminated against in his use of the prison showers by reason of his disability).

[25] Citing 28 C.F.R. §135.130; *Henrietta D. v. Bloomberg*, 331 F.3d 261, 274 (2d Cir. 2003).

[26] Hay lists several other motions in his brief, and claims they were improperly disposed of below. Because he presents no argument supporting this allegation, we do not consider it. *See Oden v. Oktibbeha Cnty.*, 246 F.3d 458, 470 n.12 (5th Cir.), *cert. denied*, 122 S. Ct. 341 (2001), *and cert. denied*, 122 S. Ct. 342 (2001). Hay's *pro se* status does not exempt him from this requirement. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[27] *Lowrey v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir. 1997) ("We review denial of leave to amend a complaint for abuse of discretion."); *Gilbert v. French*, 364 Fed. Appx. 76, 84 (5th Cir. 2010) ("We review a district court's denial of a motion for appointment of counsel for abuse of discretion.") (citing *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985)).

No.  11-20231

Hay's first argument is unavailing.  He claims that in his motion for summary judgment, he requested leave to amend his complaint in order to advance claims under the ADA and RA against UTMB in its official capacity. The motion for summary judgment, however, was decided by the district court and not the magistrate judge.  Furthermore, the district court had previously granted Hay leave to amend his complaint to include UTMB, and Hay filed an amended complaint naming UTMB in its official capacity before he filed his motion for summary judgment.  Thus, Hay has failed to show that a denial of leave to amend his complaint constituted an abuse of discretion.[28]

Hay next claims that the magistrate judge should have granted his motion and his amended motion for counsel.  Appointment of counsel is appropriate if justified by exceptional circumstances, which may be demonstrated by four factors:

> (1) the type and complexity of the case; (2) whether [plaintiff] is capable of adequately presenting his case; (3) whether [plaintiff] is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[29]

On appeal, Hay argues that the case is factually complex because it alleges violations of his civil rights over the course of several years, involves multiple parties, and states constitutional and federal law claims.  He claims he is not capable of adequately presenting or investigating his case because he is *pro se,* suffers from mental problems, lacks adequate resources and training, and is unable to communicate with potential witnesses, take depositions, or employ

---

[28] *See Lowrey*, 117 F.3d at 246.

[29] *Gilbert*, 364 Fed. Appx. at 84 (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)) (internal modifications omitted).

experts. Finally, he alleges that the evidence will consist in large part of conflicting testimony because he is challenging McBride's claim that McBride relied on the UTMB policy and exercised professional medical judgment when denying dentures to Hay.

These claims do not show the presence of extraordinary circumstances entitling Hay to appointment of counsel. The magistrate judge considered these same arguments, and determined they did not fulfill the requirements for appointment of counsel. The magistrate judge correctly observed that even though it contains several claims and defendants, this case is not particularly factually or legally complex. Furthermore, the magistrate judge noted that Hay had shown through his prior filings that he was capable of adequately presenting his case "even with his special needs," and that the evidence in the case would "largely consist of his medical and dental records, UTMB policy statements, and institutional grievances and reports," meaning Hay would not have many investigative responsibilities. Finally, we observe that presentation of McBride's and Hay's conflicting testimony does not require "skill in the presentation of evidence and in cross examination."[30] Based on the foregoing, it is clear that the magistrate did not abuse its discretion by denying Hay's request for appointment of counsel.

## V.

In his final assignment of error, Hay challenges the district court's refusal to enter a default judgment against UTMB on the grounds that UTMB failed to answer Hay's amended complaint.[31] As the district court noted in its memorandum and order on dismissal, however, UTMB never received service of process. The court therefore lacked personal jurisdiction over UTMB, and any

---

[30] *Id.*

[31] *See* FED. R. CIV. P. 55(a).

No. 11-20231

default judgment against it would have been void.[32] Hay is therefore not entitled to relief on this ground.

## VI.

For the foregoing reasons, we AFFIRM the judgment of the district court. Hay's motions for appointment of appellate counsel and correction of the record are DENIED.

---

[32] *Rogers v. Hartford Life and Acc. Inc. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (citing Fed. R. Civ. P. 60(b)(4)).