**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

Lyle W. Cayce
Clerk

No. 11-41383
Summary Calendar

SAMUEL M. DAUGHERTY,

Plaintiff-Appellant

v.

HIEN K. LUONG,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-20

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Samuel K. Daugherty, Texas prisoner # 814455, appeals the summary judgment dismissing his 42 U.S.C. § 1983 action against a prison dentist. Daugherty contended that he was entitled to dentures and that the defendant inflicted cruel and unusual punishment by refusing to provide them.

Qualified immunity was not an available defense in this action because Daugherty asked only for declaratory and injunctive relief. *See Mayfield v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Texas Dept. Of Criminal Justice*, 529 F.3d 599, 606 (5th Cir. 2008). Nonetheless, summary judgment was proper.

The defendant's summary judgment evidence showed that he provided extensive dental treatment to Daugherty but was precluded by prison dental policy from providing the dentures Daugherty wanted and believed he was entitled to receive. The evidence of treatment showed that the defendant was not deliberately indifferent to Daugherty's serious medical needs, even though Daugherty disagreed with the treatment and was obviously not satisfied by it. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). To the extent Daugherty might show some contested issues of fact, they are not issues of material fact because, even if viewed in his favor, those facts would not establish, in light of the uncontested facts, "an unnecessary and wanton infliction of pain" that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (internal quotation marks and citation omitted); *see* FED. R. CIV. P. 56(a); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.