# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10291

United States Court of Appeals
Fifth Circuit

**FILED**
September 20, 2019

Lyle W. Cayce
Clerk

PAUL R. GREGORY,

> Plaintiff-Appellee

v.

DENTIST BAUCUM; DENTIST EVANS; C.O. SEXTON,

> Defendants-Appellants

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-103

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

This is an interlocutory appeal from the district court's[1] denial of motions for summary judgment based on qualified immunity in an action under 42 U.S.C. §1983. After due consideration, we AFFIRM in part, REVERSE in part, and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to proceed before a magistrate judge.

No. 18-10291

## FACTS AND PROCEDURAL HISTORY

Paul R. Gregory is an inmate currently in the custody of the Texas Department of Criminal Justice (TDCJ) and incarcerated at the Allred Unit in Iowa Park, Texas. Gregory asserts that during the intake process on October 7, 2015, correctional officer William Sexton confiscated and disposed of his only set of dentures. The top dentures were broken, but Gregory maintains they could have been fixed with two drops of glue.[2] Gregory asserts that Sexton told him he did not need the dentures and threatened to hit him in the mouth.

Gregory filed various grievances, which were denied, in part, because the Unit Dental Department could aid him in obtaining new dentures. Gregory also sought medical attention by filing sick call requests on January 20, March 15, April 26, and July 28, 2016, complaining of stomach pain and cramps, difficulty eating, headaches, pain while eating, mouth ulcers, bleeding gums, and bloody stools. Gregory asserts that he was seen by two different dentists, John Baucum, D.D.S., and Nancy Evans, D.D.S., who both denied him replacement dentures and a soft food diet. This denial was apparently based on Gregory's Body Mass Index (BMI) being within normal limits and on his oral cavity being healthy, without reference to any of Gregory's specific symptoms. As a result, Gregory filed a civil rights suit under 42 U.S.C. § 1983 against Baucum, Evans, Tommy Norwood, the Allred Unit's medical director, and Sexton, asserting that they were deliberately indifferent to his serious medical needs.

Baucum, Evans, and Norwood jointly moved for summary judgment, and Sexton filed a separate motion for summary judgment. The record included excerpts from Gregory's medical records, his prison grievance procedure

---

[2] The Correctional Managed Healthcare Policy Manual provides for dental prosthodontic services, including provision of prostheses, the consideration of soft diets, and the forwarding/storage, replacement, repair/reline of prostheses.

records and his sick call requests.  The district court denied both motions.  As to the deliberate indifference claim against Sexton, the district court determined that Gregory demonstrated a genuine issue of material fact.  Noting that the TDCJ policy providing that dentures were not a medical necessity was not determinative, the district court concluded, based on this court's precedent, that the symptoms alleged by Gregory "clearly constitute[d] a serious medical need."  *See also Vasquez v. Dretke*, 226 F.App'x 338, 340 (5th Cir. 2007).  Gregory's complaint against Sexton was based on the disposal of his broken dentures, which created this serious medical need.  The need was also evident based on Gregory's possession of dentures prescribed by a previous doctor.  Further, Gregory demonstrated that a genuine issue of material fact existed as to whether Sexton knew of and disregarded a substantial risk of harm.  Sexton argued that he could not have known of any such risk because he was not a medical professional, but the district court cited authority establishing that prison guards can exhibit deliberate indifference to serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 843 (1994).  Finally, the district court noted that it could not deny injunctive relief as a matter of law at the summary judgment stage.  Rather, the court determined that injunctive relief would be available to Gregory if the finder of fact ultimately concluded that Sexton was deliberately indifferent and that injunctive relief was warranted.

Regarding Baucum and Evans, the district court again concluded that Gregory demonstrated a genuine issue of material fact as to deliberate indifference.  The court dismissed the claims against Norwood because Gregory did not present any evidence to show that he was personally involved in the alleged constitutional violation.  Citing unpublished Fifth Circuit cases, the district court found that allegations similar to Gregory's were sufficient to state

No. 18-10291

a claim for deliberate indifference.  The court acknowledged that the cited cases were decided at the motion to dismiss stage but determined that the facts alleged could prove an Eighth Amendment violation.  Baucum and Evans argued that they did not know of and did not disregard an excessive risk of harm and that the medical records showed that Gregory had not lost weight without his dentures and had no problems with his oral cavity.  However, the court found that Gregory's evidence—his sworn statements—contradicted the defendants' evidence, which created a genuine issue of material fact for trial.  Further, the court concluded that the defendants were not entitled to qualified immunity because a fact issue existed as to whether they had committed a clearly established constitutional violation.  Also, the court reiterated that Gregory was not arguing that his nutritional status was compromised or that his BMI was not within the normal range.  Instead, Gregory was arguing that the lack of dentures was causing him to suffer from difficulty eating, headaches, gum disfigurement, severe pain, bleeding in his mouth, blood in his stool, and severe stomach pain.

Following the denial of the motions for summary judgment, Sexton filed a motion to alter the judgment pursuant to Federal Rule of Civil Procedure 59(e).  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (holding that a motion filed within 28 days of the judgment is analyzed under Rule 59 rather than Rule 60).  The court construed the motion as a motion for reconsideration of the denial of summary judgment and denied it.  Sexton, Baucum and Evans then appealed.  Gregory also moved for appointment of counsel.

## DISCUSSION

Baucum, Evans, and Sexton argue that no competent summary judgment evidence existed to create a genuine issue of material fact because

4

Gregory's evidence consisted only of legal conclusions and allegations. The dentists contend that the summary judgment evidence showed that they did not act with deliberate indifference because they followed prison policy and Gregory did not rebut their showing of qualified immunity. Sexton argues that he was entitled to qualified immunity because Gregory failed to allege a violation of a constitutional right and failed to argue his actions were objectively unreasonable.

The denial of a motion for summary judgment based on qualified immunity is a collateral order that may be an appealable final decision. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). This court's jurisdiction to review the denial is "significantly limited." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). A district court's finding that genuine factual disputes exist is a factual determination that we may not review in this interlocutory appeal, but the district court's finding that a particular dispute is material is a legal determination that we may review. *Meadours v. Ermel*, 483 F.3d 417, 422 (5th Cir. 2007). Therefore, we lack jurisdiction to review appellants' arguments that Gregory's sworn complaint was insufficient evidence to defeat summary judgment and that Gregory's testimony lacked credibility. *See Gobert v. Caldwell*, 463 F.3d 339, 346-52 (5th Cir. 2006); *Brown v. Strain*, 663 F.3d 245, 250-51 (5th Cir. 2011).

We have jurisdiction to review whether Gregory's factual allegations were insufficient to allege deliberate indifference to his serious medical needs. *See Kinney*, 367 F.3d at 346. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Stanton v. Sims*, 571 U.S. 3, 5-6 (2013) (internal quotation marks and citation omitted). Prison officials violate

the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotation marks and citation omitted). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citation omitted).

Sexton argues that the summary judgment record did not show that he subjectively knew of any risk of harm. The facts underlying the confiscation of Gregory's dentures are contested. Further, "[c]ourts in this circuit and others have found Eighth Amendment violations when prison officials deprive an inmate of a needed medical prosthesis or other device." *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). However, Gregory fails to demonstrate that Sexton was aware that his action of taking Sexton's broken dentures and throwing them away exposed Gregory to a substantial health risk or that Sexton consciously disregarded that risk. *Id.* at 770. As a result, Sexton did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 744 (2011). Thus, we conclude that Sexton was entitled to qualified immunity and the district court erred in denying his motion for summary judgment.

Baucum and Evans argue that the evidence shows that they acted reasonably because they determined that Gregory had no medical need for

dentures and did not qualify for them pursuant to prison policy. Numerous unpublished decisions concerning dental care and dentures provide persuasive authority that prison officials act reasonably when they provide extensive dental treatment, including soft food diets, in lieu of dentures. *See Daugherty v. Luong*, 485 F. App'x 696, 696-97 (5th Cir. 2012); *Hay v. Thaler*, 470 F. App'x 411, 415 (5th Cir. 2012); *Marquez v. Woody*, 440 F. App'x 318, 319, 323 (5th Cir. 2011); *Smith v. Pinchback*, 242 F. App'x 132, 133 (5th Cir. 2007). In this case, the record reflects four sick call visits, no extensive dental care or treatment, and no special diet to address Gregory's complaints. Baucum and Evans have not shown that the district court erred by denying their motion for summary judgment.

Finally, Sexton challenges the district court's conclusion that Gregory may be entitled to injunctive relief. Because we conclude that the district court erred as to Sexton, we likewise conclude that Gregory is not entitled to injunctive relief against Sexton.

For these reasons, the district court's judgment is AFFIRMED in part, REVERSED in part, and the case is REMANDED for further proceedings. Gregory's motion for appointment of counsel is DENIED as moot.