# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2020

Lyle W. Cayce
Clerk

No. 19-30168
Summary Calendar

JASON EUGENE,

  Plaintiff-Appellant

v.

KEITH DEVILLE, WARDEN, WINN CORRECTIONAL CENTER; JODY FLOYD, Deputy Warden; BILL TIGNER, Assistant Warden; RANDI PRICE; KATHLEEN RICHARDSON; JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; LASALLE CORRECTIONS, also known as LaSalle Management,

  Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-CV-1077

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jason Eugene, Louisiana prisoner # 388863, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30168

U.S.C. § 1915A(b). A civil rights complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).

Eugene's claims relate to the dental care he has received while in prison. Although in the district court he also challenged the treatment he was receiving for his hepatitis C, he does not repeat those contentions on appeal and they are deemed abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment, prisoners are entitled to receive "adequate medical care." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The denial of dental care may violate the Eighth Amendment. *See Carlucci v. Chapa*, 884 F.3d 534, 538-40 (5th Cir. 2018). A prison official violates the Eighth Amendment if his conduct demonstrates "deliberate indifference" to a prisoner's "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). To satisfy this standard, Eugene must establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). The prison official must know of a substantial risk of serious bodily harm and must disregard that risk by failing to take reasonable measures to abate it. *Id.*

The district court concluded that Eugene's claim that he was unconstitutionally deprived of dentures after extraction of his teeth did not constitute deliberate indifference in light of prison policy authorizing dentures if they were medically necessary.  According to Eugene, the fact that he was not ordered dentures establishes the deficiencies in the policy.  A prison official who deprives an inmate of a necessary medical device may violate the Eighth Amendment.  *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009).

However, a prison official may satisfy the Constitution "if they responded reasonably to the risk, even if the harm ultimately was not averted."  *Farmer*, 511 U.S. at 844 (internal quotation marks and citation omitted).  Numerous unpublished decisions concerning dental care and dentures provide persuasive authority that prison officials act reasonably when they provide extensive dental treatment or soft food diets in lieu of dentures.  *See, e.g., Daugherty v. Luong*, 485 F. App'x 696, 696-97 (5th Cir. 2012); *Hay v. Thaler*, 470 F. App'x 411, 415 (5th Cir. 2012); *Marquez v. Woody*, 440 F. App'x 318, 320-21, 323 (5th Cir. 2011).  The record reflects that Eugene was placed on a soft food diet and had his weight monitored.  Eugene's conclusional allegation that he has lost weight does not establish constitutional error.  *See Taylor v. Books A Million, Inc.* 296 F.3d 376, 378 (5th Cir. 2002).  Given that he has not shown a violation of his constitutional rights, Eugene is not entitled to relief on his assertion that the prison officials' stated policy of allowing dentures only in limited circumstances or the purported practice of never authorizing dentures caused him harm.  *Cf. Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (indicating that a supervisory official may be liable if he implements an unconstitutional policy that causes constitutional harm).

In addition, Eugene complained about the 10-month delay between his initial attempt to seek dental care for his broken and painful teeth and his first

visit with a dentist.  The district court rejected his claim, finding no evidence that Eugene had filed a grievance relating to the delay in dental care and concluding that the delay did not cause him additional harm.  A delay in medical care violates the Constitution "'if there has been deliberate indifference [that] *results in substantial harm.*'"  *Easter*, 467 F.3d at 464 (quoting *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)).  Pain suffered during the delay may constitute sufficient harm.  *Id.* at 464-65.  Eugene alleged that he had filed grievances relating to the delay in dental care.  The exhibits submitted with Eugene's amended complaint indicate that he advised medical staff on multiple occasions during the 10-month delay that he was in pain and needed dental care.  Such allegations could show that the medical staff were aware of his pain and failed to provide care.  *See id.* at 464.  In addition, Eugene asserted in his original complaint that the prison administration had reduced medical staff in order to save costs, which resulted in the undue delay in treatment.  The district court did not address this allegation or determine whether such a claim could give rise to supervisory liability.

We express no opinion on the merits of Eugene's claims relating to the delay in dental treatment.  However, the district court is in a better position to consider the merits and validity of Eugene's allegations in the first instance, including obtaining Eugene's medical records and grievance history if necessary.  Accordingly, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is remanded for proceedings consistent herewith.  Eugene's motion for appointment of counsel is DENIED.