IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-20917
Summary Calendar

BILLY WAYNE HUFFMAN

Plaintiff-Appellant

v.

LANNETTE LINTHICUM, Division Director, TDCJ Health Services Division;
ALBERT D WELLS, DDS - Dental Director, UTMB/CMC; JERRY DON TOOLE,
DDS, Cluster Dental Director, UTMB/CMC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-308

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Billy Wayne Huffman, Texas prisoner #1188783, appeals from the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C.
§ 1915A(b)(1). Huffman alleges that he suffers from, among other things,
intense physical pain, swollen gums, weight loss, disfigurement and stomach
pain due to the failure of the defendants to provide him with dentures and
further argues that because he has been denied dentures, he is forced to eat a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

soft food diet without medical supervision. Huffman alleges that the denial of dentures amounted to deliberate indifference to his serious medical needs and that he was denied dentures pursuant to an unconstitutional prison policy on dentures.

A district court may dismiss a complaint as frivolous "'where it lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). We review a dismissal as frivolous for abuse of discretion. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). To prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints. Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

If Huffman suffered the injuries and conditions he alleges, then he may have a serious medical need for dentures. See Farrow v. West, 320 F.3d 1235, 1239-41, 1244 (11th Cir. 2003); Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1988). Huffman alleged that Toole made the decision denying his request for dentures following the removal of his remaining teeth. As Toole has not yet responded to Huffman's complaint, and it is possible that Toole knew of and disregarded Huffman's serious medical need, Huffman's claim against Toole is not frivolous and was not appropriate for dismissal.

Huffman alleged that Linthicum, Wells, and Toole implemented and/or co-authored the purportedly unconstitutional prison policy on dentures, pursuant to which he was denied dentures. Supervisory liability may exist where the supervisory official "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotation marks and citation omitted). Even if Huffman failed to allege facts suggesting "overt personal participation" by Wells and Linthicum, the district court did not address whether any of the defendants implemented a policy which itself deprived Huffman of his constitutional rights. Thompkins, 828 F.2d at 304.

Because Huffman's claims against Toole, Linthicum, and Wells are not indisputably meritless, we vacate and remand the dismissal of these claims for further proceedings. In so ruling, we express no opinion as to the ultimate merits of the case. Although Huffman's more definite statement included as a defendant an "unnamed dentist" at the Lindsay Unit, Huffman failed to allege any specific factual allegations implicating the unnamed dentist in the purported violation of his constitutional rights. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Therefore, we affirm in part the district court's dismissal to the extent that the court dismissed as frivolous Huffman's claims against the unnamed dentist.

Huffman's motion for the appointment of counsel is denied.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS; MOTION DENIED.