# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50025

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

GINO CARLUCCI,

      Plaintiff - Appellant

v.

RACHEL CHAPA, Warden, Federal Correctional Institution La Tuna; MR. NILES, Associate Warden, Federal Correctional Institution La Tuna; DR. M. SPRINGER, D.D.S.; DR. THOMAS, D.D.S.; R. ACOSTA, Human Resource Coordinator; MR. DUNNINGAN, Human Resources Coordinator,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SOUTHWICK, and COSTA, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Gino Carlucci filed several claims against officials and medical personnel at a federal correctional institution located in Texas. He alleged that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and the Due Process Clause. The district court dismissed Carlucci's complaint as frivolous and for failure to state a plausible claim upon which relief could be granted. We AFFIRM in part, VACATE in part, and REMAND for further proceedings.

No. 17-50025

## FACTUAL AND PROCEDURAL BACKGROUND

Gino Carlucci was incarcerated at Federal Correctional Institution La Tuna ("FCI La Tuna") located in Anthony, Texas. Carlucci suffers from temporomandibular joint disorder ("TMJD"), which causes pain and dysfunction of the jaw. He alleges that because of his TMJD he "experience[d] very violent jaw popping and the right side of [his] teeth were hitting really bad." In February 2013, one of Carlucci's front teeth cracked and broke off. He was sent directly to the dental clinic, where Dr. Springer concluded that nothing could be done and recommended pulling the tooth. Carlucci disagreed. Instead, Carlucci glued the broken tooth back in place. This self-remedy made Carlucci's bite "extremely uneven," and several of his front upper teeth began to crack.

Carlucci notified Associate Warden Niles and Human Resources Coordinator Dunnigan of his dental problems.[1] They assured Carlucci he would receive care and scheduled an appointment with Dr. Thomas. The appointment was on November 27, 2013. After examining Carlucci's teeth, Dr. Thomas concluded that the only effective treatment to prevent Carlucci's teeth from breaking or cracking was "to restore the missing bridge and repair the fractured teeth." Dr. Thomas further told Carlucci, however, that the Bureau of Prisons "would never authorize" the treatment. In December 2013, Carlucci reported the results of his dental exam to Associate Warden Niles, who told Carlucci he was working to resolve this problem. Carlucci also filed a claim for an administrative remedy but allegedly received no response.

In January 2014, Carlucci met again with Niles and Dunnigan, who again told Carlucci that they were trying to have his dental problems

---

[1] Carlucci does not include Niles and Dunnigan's first names in his complaint, and the court is unable to locate their first names anywhere in the record.

2

No. 17-50025

addressed. In February 2014, Carlucci received a bite-guard from Dr. Thomas. While he was waiting for a response to his administrative remedy claim, Carlucci learned that Niles and Dunnigan had both retired.

In December 2014, Carlucci met with the new Human Resources Coordinator, Acosta. The next day, Acosta advised Carlucci to start the administrative remedy process. Carlucci said "he had already completed the administrative remedy process and the next step was to file an action in court to seek a remedy." This angered Acosta, who responded, "If you file a lawsuit I am just going to say that you never went to your dentist appointments and it[']s your fault that you[']r[e] not receiving dental care."

On June 4, 2015, Carlucci sued Warden Rachel Chapa, Former Associate Warden Niles, Former Human Resources Coordinator Dunnigan, Human Resources Coordinator Acosta, Dr. Springer, and Dr. Thomas under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his complaint, Carlucci asserted three grounds for relief: (1) the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment; (2) the defendants intentionally caused him wanton pain and suffering by failing to treat his serious medical needs in violation of the Eighth Amendment; and (3) the defendants failed to provide him necessary medical treatment in violation of his due process rights under the Fifth Amendment. In a report and recommendation, the magistrate judge assigned to the case recommended a *sua sponte* dismissal of Carlucci's complaint under 28 U.S.C. § 1915A as frivolous and for failure to state a claim. The district court overruled Carlucci's objections, adopted the magistrate judge's recommendation, dismissed the complaint, and awarded Carlucci a strike under 28 U.S.C. § 1915(g). Carlucci timely appealed.

No. 17-50025

DISCUSSION

The standard of review is *de novo* for a claim dismissed under 28 U.S.C. § 1915A(b)(1), which allows a district court to dismiss an *in forma pauperis* prisoner's civil right claim *sua sponte* if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). We review the facts in the light most favorable to the non-moving party. *Id.* A complaint that "lacks an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The complaint has no arguable basis in law if it "alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

To avoid dismissal for failure to state a claim, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must "raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If a complaint is written *pro se*, we are to give it a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Carlucci, proceeding *pro se*, raises two issues in this appeal: (1) the district court erred in dismissing his complaint for failing to state a claim upon which relief could be granted; and (2) the district court erred in classifying his complaint as a strike under Section 1915(g). Carlucci asserts that his allegations were sufficient for his *Bivens* claim to proceed.

In certain factual scenarios, there is an implied right to recover damages against a federal actor for violation of a constitutional right. *See Bivens*, 403 U.S. at 389. Although the factual scenarios allowing recovery should be

4

narrowly construed, there is an implied right of action against a federal actor who shows deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856–57 (2017). The denial or delay of treatment for serious medical needs violates the Eighth Amendment, which prohibits cruel and unusual punishment. *See Estelle*, 429 U.S. at 101.

To show a violation of the Eighth Amendment, the plaintiff must prove: (1) "objective exposure to a substantial risk of serious harm"; and (2) "that prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). A prison official violates the Eighth Amendment when he shows deliberate indifference to a prisoner's serious medical needs, which equates to the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). We have defined "a serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12. Further, when "balancing the needs of the prisoner against the burden on the penal system, the district court should be mindful that the essential test is one of medical necessity and not one simply of desirability." *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. Unit A 1981).

To prevail on a claim for deliberate indifference, the plaintiff must show that a federal actor denied him treatment, ignored his complaints, knowingly treated him incorrectly, or otherwise evidenced a wanton disregard for his serious medical needs. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A disagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference, but the denial of recommended medical treatment is often sufficient to show deliberate indifference. *See Gobert*, 463 F.3d at 346; *Woodall*, 648 F.2d at 272. A delay

in medical treatment that results in substantial harm can constitute deliberate indifference. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Carlucci argues that he was exposed to a substantial risk of harm because his teeth were cracking and breaking. The magistrate judge found that Carlucci showed a substantial risk of serious harm, and the district court adopted this finding. Carlucci argues that the defendants acted with deliberate indifference because they knew of his serious medical need yet failed to provide adequate care. The magistrate judge and district court concluded otherwise, holding that Carlucci had not pled "deliberate indifference because his claims amount to nothing more than a disagreement with the type of dental treatment" that the defendants offered to provide. The magistrate judge wrote that "Carlucci declined to have any of []his teeth removed, even though it would resolve[] the issue of his injured front teeth, because he preferred the restoration of his missing bridge."

This reading of Carlucci's complaint does not construe the facts in the light most favorable to Carlucci, which is the standard that must be applied to his complaint. In his complaint, Carlucci alleged that Dr. "Thomas performed a radiograph of Plaintiff[']s teeth that revealed several fractures, he explained that . . . all of the teeth that are hitting will eventually break or crack and the only way to stop this . . . is to restore the missing bridge and repair the fractured teeth." Carlucci's allegation is that the dentist recommended restoring his bridge and repairing the fractured teeth. He did not claim that the dentist recommended pulling the teeth and Carlucci disagreed.

The nature of Carlucci's claims are similar to some we have previously considered and deemed sufficient. In one case, a dentist recommended pulling a prisoner's teeth but informed the prisoner that the operation could not be done because it was not authorized. *Thompson v. Williams*, 56 F.3d 1385, 1385 (5th Cir. 1995) (unpublished). We wrote that "[u]nder certain circumstances,

allegations of deliberate indifference may be shown when prison officials deny an inmate recommended treatment by medical professionals." *Id.* (quoting *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988)). We held that "Thompson has stated a claim of denial of medical care under the Eighth Amendment[.]" *Id.* Similarly, we also once held that a plaintiff stated a plausible claim for relief when he alleged that he suffered severe physical pain yet the prison officials failed to provide him with dentures to alleviate that pain. *Huffman v. Linthicum*, 265 F. App'x 162, 163 (5th Cir. 2008). We agree with the reasoning and analysis from *Thompson* and *Huffman*.

Like the plaintiff in *Thompson*, Carlucci alleged that he was denied medically recommended treatment. In his complaint, Carlucci claimed Dr. Thomas recommended that a dentist "restore the missing bridge and repair the fractured teeth." Carlucci also alleged he never received such treatment. Carlucci said he suffered "extreme pain," that "four to five front upper teeth were begin[n]ing to crack," and that he suffered permanent physical injury. These are claims similar to those in *Huffman*, 265 F. App'x at 163. Carlucci's allegations of severe physical pain and denial of recommended dental treatment are sufficient to state a plausible claim for relief.

The district court cited one of this court's opinions to support that Carlucci failed to state a claim upon which relief could be granted because a prisoner is not entitled to restorative treatment. *See McQueen v. Karr*, 54 F. App'x 406 (5th Cir. 2002). In *McQueen*, though, the plaintiff preferred an alternative to the recommended treatment. Instead of having his teeth pulled, which was the recommended dental procedure, the plaintiff wanted "more expensive restorative treatment." *Id.* Carlucci alleges that he wants the recommended dental procedure, not a preferred alternative treatment.

Without expressing an opinion on the merits of his claim, we vacate and remand on Carlucci's claim of deliberate indifference to his serious medical

needs in violation of the Eighth Amendment. We therefore also vacate the district court's awarding Carlucci a strike under 28 U.S.C. § 1915(g).

We affirm the district court's dismissal of the claim that the defendants violated the Due Process Clause. It is the Eighth Amendment that is relevant to claims of the denial of medical care. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). In the prison context, "the Due Process Clause affords . . . no greater protection than does the Cruel and Unusual Punishments Clause." *Id.*

Carlucci's motion for appointment of counsel is denied.

AFFIRMED in part, VACATED in part, and REMANDED for further proceedings. MOTION DENIED.