# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2021

Lyle W. Cayce
Clerk

No. 19-30416

JONATHAN MICHAEL RUIZ,

*Plaintiff—Appellant*,

*versus*

LOUISIANA STATE; JOHN BEL EDWARDS, *Governor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-11664

Before CLEMENT, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jonathan Michael Ruiz, a currently incarcerated person in the Louisiana prison system, filed a civil rights complaint against the State of Louisiana, Governor John Bel Edwards, and an unidentified John Doe defendant, complaining that changes to the state's sex offender registration

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

laws are being applied to him retroactively in violation of his constitutional rights and 42 U.S.C. § 1983.

The district court referred the matter to a magistrate judge, who ultimately determined that the named defendants are entitled to state sovereign immunity. Accordingly, the magistrate judge recommended that the district court dismiss sua sponte the constitutional claims against them with prejudice as frivolous, for failure to state a claim upon which relief may be granted, and for seeking monetary relief against immune parties. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Ruiz objected to the magistrate judge's report and recommendation, asserting that he had learned the names of the individual officers and asking that he be permitted to amend his complaint to name them as additional defendants. The district court overruled Ruiz's objections and adopted the magistrate judge's recommendations in full, dismissing all of Ruiz's § 1983 claims with prejudice.

Ruiz timely appealed, challenging both the dismissal of his claims and the denial of leave to amend his complaint. We review the dismissal de novo, *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018), and the denial of leave to amend for abuse of discretion, *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991).

The district court properly dismissed Ruiz's claims against the named defendants. Ruiz raises no issue with the dismissal of his claims against the State of Louisiana or against the John Doe defendant. Nor does he dispute that Governor Edwards was sued in his official capacity and is entitled to state sovereign immunity. *See Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (noting that sovereign immunity generally shields state officials sued in their official capacity); *Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (per curiam) (concluding that the Governor of Louisiana was shielded by sovereign

immunity).  Instead, he contends that his claims are not barred by state sovereign immunity because he seeks injunctive relief against Governor Edwards, who, Ruiz claims, has a sufficient connection to enforcement of the challenged laws.  This contention is without merit.  Ruiz has not demonstrated that Governor Edwards has an adequate connection to enforcement of the sex offender registration laws beyond having the general duty to see that Louisiana's laws are implemented. *See Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400–01 (5th Cir.) (explaining that such a "*general* duty" is not enough to invoke the *Ex parte Young* exception to state sovereign immunity (quotation omitted)), *application to vacate denied*, 140 S. Ct. 2015 (2020) (mem.).  Accordingly, the judgment is affirmed as to the dismissal of the named defendants.

But before dismissing a pro se litigant's complaint for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy any deficiencies. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).  In his objections to the magistrate judge's report and recommendation, Ruiz requested leave to amend his complaint to assert claims against former governors and other state and local officials who he claims are responsible for enforcing the state's sex offender registration laws.  That request was implicitly denied by the district court when it adopted the report and recommendation in full. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (explaining that a district court may implicitly deny a motion by entering a final judgment).

Certainly, adding some of those officials—the former governors— would be futile for the same reasons previously discussed with respect to Governor Edwards; the district court need not permit their addition. *See Tex. Democratic Party*, 961 F.3d at 400–01; *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (noting that a district court need not grant a futile motion to amend).  But the district court should have permitted Ruiz to amend his

complaint to assert claims against the other identified officials, or at a minimum, addressed in the first instance why those officials were not appropriate defendants. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (explaining that a district court may dismiss a complaint with prejudice sua sponte only if "the plaintiff has alleged his best case"); *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994) (concluding that the district court abused its discretion in failing to provide the plaintiff with an opportunity to amend where the deficiencies in his complaint could have been remedied by "further factual development and specificity"). We therefore vacate the judgment in part and remand for further proceedings. We neither express nor intimate any opinion with respect to the merits of Ruiz's claims or with respect to whether the proposed defendants are immune from suit; the district court may resolve those matters in the first instance, as appropriate.

We therefore AFFIRM in part and VACATE and REMAND in part.