# United States Court of Appeals
# for the Fifth Circuit

No. 21-50952
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2022

Lyle W. Cayce
Clerk

Charles Marquez,

*Plaintiff—Appellant*,

*versus*

Nalene Benavides, *United States Court Reporter*; Judge Frank Montalvo, *United States District Judge,*

*Defendants—Appellees.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-cv-152

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Charles Marquez, federal prisoner # 99443-280, appeals the 28 U.S.C. § 1915A(b)(1) dismissal of his civil rights suit. He had filed suit, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

403 U.S. 388 (1971), against United States District Court Judge Frank Montalvo and court reporter Nalene Benavides based upon Fifth Amendment due process violations arising from an allegedly incomplete and inaccurate trial transcript. Marquez moves on appeal to compel production of audio-recorded trial proceedings under 28 U.S.C. § 1361.

A district court shall dismiss a prisoner's civil rights complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1). Because the district court dismissed Marquez's complaint under § 1915A(b)(1), we review the dismissal de novo. *See Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018).

Marquez argues that the district court erred when it dismissed his claims for injunctive relief against Judge Montalvo under § 1915A(b)(1) based upon judicial immunity. However, Marquez has not demonstrated any error as his claims against Judge Montalvo are largely speculative, and Marquez neither details extrajudicial acts by the judge nor identifies binding authority that might negate judicial immunity. *See* § 1915A(b)(1); *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Carlucci*, 884 F.3d at 537; *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

In addition, Marquez argues that the district court erred in dismissing his claims against Benavides under § 1915A(b)(1). Marquez has not demonstrated that the district court erred because he fails to establish that a civil rights violation stemming from an incomplete trial transcript should be or has been recognized as a valid *Bivens* claim. *See Carlucci*, 884 F.3d at 537; *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017); *Buckelew v. United States*, 575 F.2d 515, 519–20 (5th Cir. 1978).

Marquez also asserts that the district court erred when it denied his motion to file a second amended complaint, which the district court construed as a Federal Rule of Civil Procedure 59(e) motion for

No. 21-50952

reconsideration.  Because he fails to demonstrate a manifest error of law or fact, Marquez has not shown that the district court erred in denying his motion for reconsideration. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).

The judgment of the district court is AFFIRMED, and the motion to compel is DENIED.