# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-40340
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2023

Lyle W. Cayce
Clerk

Adrian Campbell,

*Plaintiff—Appellant*,

*versus*

Patricia Hubert Booth, *individually*; Jason Bradford Libby, *individually*; Drew B. Tipton, *individually*; Julie K. Hampton, *individually*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-52

---

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Adrian Campbell filed a civil rights complaint alleging he was detained and prosecuted unlawfully. He now appeals the district court's dismissal of the complaint as frivolous and for failure to state a claim, pursuant to 28

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

U.S.C. § 1915A(b). We review the dismissal de novo. *See Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018).

Campbell filed his complaint while under indictment for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, a charge to which he later pleaded guilty. His argument that the Government lacked standing to prosecute this offense is "indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted). And because even pro se litigants must brief arguments to preserve them, Campbell's mere assertion that the district court viewed his complaint with undue rigor is insufficient to raise the issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, Campbell fails to show that the district court erred. *See Carlucci*, 884 F.3d at 537. Because he has raised no points of arguable merit, his appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Campbell's motion for the appointment of counsel is DENIED.

The dismissal of this appeal and the district court's dismissal of Campbell's complaint both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Campbell is WARNED that, if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).