# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10576
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2023

Lyle W. Cayce
Clerk

Robert F. Hallman,

*Plaintiff—Appellant*,

*versus*

Sheriff Bill Waybourn, *Tarrant County Sheriff's Department*; Maintenance Department; Officer FNU Gruudy, *Jailer*; Tarrant County, Texas; Chief FNU Reyez, *Tarrant County Sheriff Department*; Tarrant County Sheriff's Department, Grievance Division; Officer FNU Bernal, *Jailer*; Officer FNU Jackson, *Jailer*; All Officers Who Authorized Toilets to be Shut Off on 3/24/2022 to 3/26/2022,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-339

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10576

Robert F. Hallman, while housed at the Tarrant County Jail, filed a 42 U.S.C. § 1983 civil rights action.  On appeal, he challenges the district court's dismissal of his action under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Following de novo review, *see Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018), we AFFIRM.

In his appellate brief, Hallman argues as follows: Sheriff Bill Waybourn and Chief Reyes failed to supervise their subordinates, and there is a pattern of institutional abuse at the jail; Officer Jackson used a racial slur, antagonized him on one occasion by turning on his cell light and leaving it on, and denied him due process after searching for a tablet in his cell; Officer Bernal verbally harassed him with threats of a sexual nature; and the jail grievance division did not follow the protocol set forth in the Texas Administrative Code and failed to investigate his grievances properly.  Additionally, Hallman contends that the officers who authorized shutting off the water to the toilets in his jail pod for three days violated his constitutional rights and acted with deliberate indifference to his health and safety.  By his failure to brief, Hallman has abandoned any other claims.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We discern no error in the dismissal of Hallman's claims against Sheriff Waybourn and Chief Reyes.  *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).  Likewise, we discern no error in the dismissal of Hallman's claims against Officers Jackson and Bernal.  *See* 42 U.S.C. § 1997e(e); *Hare v. City of Corinth*, 74 F.3d 633, 636, 650 (5th Cir. 1996) (en banc).  As for Hallman's claims against the grievance department, he has abandoned any challenge to the district court's ruling that the department is not a legal entity that can be sued.  *See Yohey*, 985 F.2d at 224-25.  Finally, the district court properly dismissed Hallman's claims concerning the jail toilets.  *See Hare*, 74 F.3d at 636, 643; *see also Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

No. 22-10576

Our affirmance of the district court's dismissal of Hallman's § 1983 complaint counts as a strike under 28 U.S.C. §1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-40 (2015). Hallman has previously accumulated one strike. *See Hallman v. Gordon*, 4:17-CV-408-Y, 2019 WL 2995906, 6 (N.D. Tex. July 9, 2019) (unpublished), *aff'd*, 822 F. App'x 308, 309 (5th Cir. 2020); *see also Adepegba*, 103 F.3d at 387. Hallman is WARNED that, if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).