# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40765
Summary Calendar

————————

Norris Hicks,

*Plaintiff—Appellant*,

*versus*

Texas Board of Pardon and Paroles, *each member in official capacity*; David Guiterriez, *Chairman, Texas Board of Pardons and Paroles*; Ressie Owens, *Chairman, Texas Board of Pardons and Paroles*; Paul Keil, *Board member/Commissioner, Texas Board of Pardons and Paroles*; John LNU; Jane LNU,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-134

———————————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

    Norris Hicks, Texas prisoner # 505593, filed a pro se 42 U.S.C. § 1983 complaint, arguing that his constitutional rights of due process and equal

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40765

protection were violated when he was denied parole numerous times. He appeals the district court's dismissal of his § 1983 complaint under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

First, Hicks challenges the dismissal of his due process claims. Because Texas laws and regulations do not create a constitutionally protected liberty interest in parole, the district court did not err in dismissing Hicks's due process claims. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also Carlucci v. Chapa*, 884 F.3d 534, 537-38 (5th Cir. 2018). Next, Hicks's challenge to the dismissal of his equal protection claim is likewise unavailing. *See Gibson v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012); *Johnson*, 110 F.3d at 306-07. Last, Hicks argues that the defendants were not entitled to immunity and that the district court erred in failing to rule on this issue. We are not required to address this alternative argument for or against dismissal and decline to do so now. *See United States v. Rafoi*, 60 F.4th 982, 995 (5th Cir. 2023).

AFFIRMED.