# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2023

Lyle W. Cayce
Clerk

———————

No. 23-20236
Summary Calendar

———————

Andrew Burke,

*Plaintiff—Appellant*,

*versus*

Lieutenant Scott Soland,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-300

———————————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Andrew Burke, a pretrial detainee at the Fort Bend County Jail (Inmate # 00242515), filed a civil rights complaint against Lieutenant Scott Soland complaining of verbal threats and unwanted touching. The district court determined that the complaint failed to state a claim upon which relief

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20236

may be granted, and it dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To avoid a dismissal for failure to state a claim upon which relief may be granted, a civil rights complaint must allege enough factual content to allow the court to draw a reasonable and non-speculative inference that the defendant is liable for the alleged misconduct. *See Carlucci v. Chapa*, 884 F.3d 534, 537-38 (5th Cir. 2018). The plaintiff's alleged facts will be accepted as true and viewed in the light most favorable to the plaintiff. *Id.* at 537.

Here, the district court concluded that Burke's allegations of verbal threats and unwanted touching, if true, did not amount to a constitutional violation. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

On appeal, Burke merely reiterates his factual allegations, and he complains without explanation that the district court "ignored very clear evidence." Burke's conclusional arguments do not show that the district court erred in determining that the complaint failed to state a claim upon which relief may be granted. *See* § 1915A(b)(1).

Accordingly, the judgment of the district court is AFFIRMED. Burke has moved for appointment of counsel and for a restraining order. The motions are DENIED.

A prisoner is precluded from bringing a civil action or an appeal of a judgment in a civil action in forma pauperis (IFP) if he has, on three or more occasions, while incarcerated or detained in a facility, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The district court's dismissal of the complaint for failure to state a claim upon which relief may be granted counts as a strike under § 1915(g). *See id.*; *see also Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Court records show that Burke has no fewer than four other

2

strikes. *See, e.g.*, *Burke v. Ft. Bend Cnty. Sheriff's Office*, No. 4:22-CV-2577 (S.D. Tex. Nov. 3, 2022); *Burke v. Diaz*, No. 4:23-CV-332 (S.D. Tex. Feb. 2, 2023); *Burke v. Chesser*, No. 4:23-CV-842 (S.D. Tex. Mar. 14, 2023); *Burke v. Webb*, No. 4:22-CV-4366 (S.D. Tex. Apr. 27, 2023).

Accordingly, IT IS ORDERED that Burke is BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).