# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2024

Lyle W. Cayce
Clerk

No. 23-20413
Summary Calendar

———————————

Christopher A. Carter,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *Executive Director, Texas Department of Criminal Justice*; Timothy Fitzpatrick, *Director of State Classification Committee*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1912

———————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Christopher A. Carter, Texas prisoner # 1559732, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which relief may be granted. We review a dismissal as frivolous under 28 U.S.C. § 1915A(b)(1) de novo.

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018).  We review dismissals under § 1915A(b)(1) for failure to state a claim de novo, using the same standard that applies to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).  Under that standard, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* at 209-10 (internal quotation marks and citation omitted).  We afford pro se briefs liberal construction.  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  "But even for pro se plaintiffs . . . conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief."  *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted).

On appeal, Carter argues that his allegations were sufficient to state a claim regarding the alleged violation of his rights under the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), and the Eighth Amendment.  Although Carter claimed that he was deprived of a bed and his BIPAP respirator on one night during a prison transfer trip, he did not allege that this deprivation was the result of discrimination based specifically on his disability, as required for an ADA or RA claim.  *See Francis v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 378 (5th Cir. 2021) (RA); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (ADA).  The district court did not err in determining that Carter failed to state a claim on which relief could be granted on that basis.

Similarly, as to his Eighth Amendment claim, Carter's allegations fail to show that the two individual defendants were deliberately indifferent to his serious medical needs.  *See Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002).  The district court did not err by dismissing this claim as frivolous.  *See Carlucci*, 884 F.3d at 537.

No. 23-20413

Carter also contends that the district court should have dismissed his complaint without prejudice so that he could refile it after correcting any errors that led to the dismissal. In light of the ample opportunities that the district court afforded to Carter to perfect his claims, the district court did not err by dismissing Carter's complaint with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999).

The district court's judgment is AFFIRMED.