# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2024

Lyle W. Cayce
Clerk

No. 24-50004
Summary Calendar

———————

Cornel Jackie Drummer,

*Plaintiff—Appellant*,

Alvin C. Brown, *Official Capacity, #2236, San Antonio Police Department Criminal Investigator, Homicide Detective*; Reginal Speller, *Official Capacity, #2241, San Antonio Police Department Criminal Investigator, Criminal Evidence Technician*; William McManus, *Official Capacity, Chief of Police, San Antonio Police Department*; Chuck Weir, *Official Capacity, Assistant City Attorney, City of San Antonio*; Ron Nironberg, *Official Capacity, City Mayor, City of San Antonio*; Richard F. Stengel, *Official Capacity, Ballistic Analyst, Toolmark and Firearms Analyst, Bexar County Criminal Investigative Laboratory County Criminal Investigative*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-389

———————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

No. 24-50004

Per Curiam:[*]

Cornel Jackie Drummer, Texas prisoner # 619316, filed a 42 U.S.C. § 1983 civil action against the defendants, asserting claims of evidence falsification, which resulted in his murder conviction, as well as claims of supervisory liability. He also asserted claims for monetary damages and injunctive relief. The district court determined that Drummer's claims were barred by the applicable statute of limitations and by *Heck v. Humphrey*, 512 U.S. 477 (1994), and dismissed the action as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Drummer now appeals the dismissal.

Regarding Drummer's claims against the defendants for monetary damages, a judgment in favor of Drummer on these claims would necessarily imply the invalidity of his conviction. *See Heck*, 512 U.S. at 486-87; *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008); *see also Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Drummer has not shown that his murder conviction has been reversed on direct appeal or otherwise invalidated by official action; accordingly, the claims are barred by *Heck*. *See Heck*, 512 U.S. at 486-87. The district court's dismissal of these claims based on the two-year statute of limitations was erroneous because, under *Heck*, Drummer's § 1983 cause of action has yet to accrue. *See id.* at 486-90; *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). However, we may affirm the dismissal on any basis supported by the record. *See Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006); *United States v. Ho*, 311 F.3d 589, 602 n.12 (5th Cir. 2002).

To the extent that Drummer's claim for injunctive relief is not barred by *Heck*, the district court correctly determined that this claim was barred by the applicable statute of limitations. *See In re FEMA Trailer Formaldehyde*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011), *abrogated in part on other grounds by United States v. Wong*, 575 U.S. 402, 407 (2015); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015).

Next, to the extent that Drummer raises a new allegation against the defendants on appeal for having a policy and custom of falsifying evidence "that [was] responsible for sending thousands of men and women to prison and [death row] for crimes they did not commit" that was not raised in the district court, we will not consider new factual allegations or evidence presented for the first time on appeal, *see Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Nor will we permit a party to present a new theory of relief on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In any event, this allegation is merely conclusory. *See Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017). Further, his argument that the *Heck* bar is inapplicable due to "extraordinary and exceptional circumstances" caused by the defendants' conduct is unsupported by relevant legal authority.

Drummer's arguments fail to show that the district court erred in determining that his amended complaint was frivolous and failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *Carlucci v. Chapa*, 884 F.3d 534, 537-38 (5th Cir. 2018); *Morris v. McAllester*, 702 F.3d 187, 189-92 (5th Cir. 2012); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Accordingly, the judgment of the district court is AFFIRMED. The district court's dismissal of Drummer's amended complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Drummer received two previous strikes for purposes of § 1915(g). *See Drummer v. Maynard*, No. 22-40449, 2023 WL 3580702, 1 (5th Cir. May 22, 2023) (unpublished). Because Drummer has now accumulated

No. 24-50004

three strikes, he is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).