# United States Court of Appeals for the Fifth Circuit

———————

No. 22-10962

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2024

Lyle W. Cayce
Clerk

Thomas A. Vaughn,

*Plaintiff—Appellant*,

*versus*

Richard Bassett, *Lieutenant*; Anselmo Padilla-Luna, *RN*; Teleisa Crnkovich, *Health Administrator*; Mary Pence, *Assistant Health Administrator*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:19-CV-129

———————————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.

Per Curiam:[*]

Thomas Vaughn, who is incarcerated in a federal prison, alleges prison officials delayed and denied him medical treatment, causing him to suffer unnecessary severe pain, permanent disfigurement, and the potential for health complications in the future. Proceeding pro se and *in forma pauperis*, Vaughn sued the officials for violations of his Eighth Amendment

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rights. He appeals the district court's dismissal of his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A. For the following reasons, we affirm in part, vacate in part, and remand to the district court.

# I

According to Vaughn's complaint and questionnaire,[1] he suffered a life-threatening injury in 2017 when he collided with another inmate while playing softball. The day of his injury, Vaughn alerted Defendant-Appellee Lieutenant Richard Bassett that he needed medical attention. Although Vaughn's face was visibly caved in, his nose was bleeding, and he told Bassett he was in severe pain, Bassett ordered him back to his room and did not arrange transportation to a hospital. Vaughn initially alleges that in reaching this decision, Bassett consulted with Defendant-Appellee Anselmo Padilla-Luna, R.N., but Vaughn later states that Padilla-Luna told him that he had not been contacted the night Vaughn was injured. Additionally, Padilla-Luna did not personally examine Vaughn.

The next day, a different R.N. sent Vaughn to the hospital. After performing a CAT scan, the hospital diagnosed Vaughn with multiple facial fractures. The attending physician told Vaughn that an ophthalmologist and a maxillofacial surgeon wanted to see him within the next few days and prescribed Tylenol to be administered every six hours and an antibiotic.

Defendants-Appellees Teleisa Crnkovich and Mary Pence, the health services administrator and assistant health services administrator respectively, failed to arrange an appointment with the ophthalmologist

---

[1] *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) ("Because the answers to the questionnaire will effectively amplify the original allegations in the prisoner's complaint, they are an integral part of that complaint and not a separate, independent pleading." (internal citation omitted)).

despite the hospital's instructions. Vaughn did see a maxillofacial surgeon, but Crnkovich and Pence failed to send CAT scan images with him that were necessary for him to receive surgery. The surgeon ordered Vaughn to quickly return with those images because the surgery would become more complicated and dangerous four to six weeks after his injury. Despite this instruction and Vaughn's repeated requests, Crnkovich and Pence did not send Vaughn back to the surgeon until approximately six weeks after his injury, again without the CAT scan images. The surgeon advised Vaughn that surgery was no longer viable because his bones had healed and would need to be rebroken, which risked more severe scarring and potential blindness. As a result, Vaughn is permanently disfigured. Additionally, Vaughn alleges that although the surgery "would not be worth the risk and complications at th[at] time[,] . . . if anything changed in [his] vision, or function [he] would be forced to go forward with riskier surgery potentially."

Vaughn also alleges that Crnkovich and Pence failed to dispense pain medications to him in accordance with his physician's orders, causing him to suffer severe pain in the weeks following his injury. According to Vaughn, they also threatened to terminate his medical care if his family attempted to help transmit information to the surgeon.

After exhausting his administrative remedies, Vaughn sued Bassett, Padilla-Luna, Crnkovich, and Pence (collectively, "Defendants"). He asserted a cause of action based on *Bivens v. Six Unknown Federal Narcotics Agents*,[2] alleging that the Defendants delayed and denied him access to medical care in violation of his Eighth Amendment rights. The magistrate judge concluded that Vaughn had a cause of action under *Bivens* but that Vaughn's claims against Padilla-Luna were frivolous and he failed to state a

---

[2] 403 U.S. 388 (1971).

claim against the remaining defendants. The district court disagreed in part, concluding that Vaughn's claims raised a new *Bivens* context and that special factors counseled against extending the *Bivens* remedy. The district court otherwise adopted the magistrate judge's findings.

The district court dismissed Vaughn's claims against Padilla-Luna as frivolous and dismissed all remaining claims for failure to state a claim, citing 28 U.S.C. §§ 1915(e)(2) and 1915A. The district court also awarded Vaughn a strike under 28 U.S.C. § 1915(g) and cautioned him "that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury." Vaughn timely appealed. Although Vaughn brought retaliation claims and claims of a constitutional violation due to an impermissible policy or custom in the district court, his briefing in this court does not contest the dismissal of those claims. Therefore, those claims are not properly before us.[3]

## II

"The standard of review is *de novo* for a claim dismissed under 28 U.S.C. § 1915A(b)(1), which allows a district court to dismiss an *in forma pauperis* prisoner's civil right claim *sua sponte* if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted."[4] The same standard applies to complaints dismissed for failure to state a claim

---

[3] *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

[4] *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (citing *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)).

under 28 U.S.C. § 1915(e)(2)(B)(ii).[5]  Complaints dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) are reviewed for abuse of discretion.[6]

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."[7]  A complaint fails to state a claim when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."[10]

We first address whether *Bivens* provides a cause of action in this context and then address whether Vaughn has sufficiently pled a violation of his Eighth Amendment rights.

## A

A *Bivens* claim is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[11]

---

[5] *Davis v. Lumpkin*, 35 F.4th 958, 962 (5th Cir. 2022) (citing *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam)).

[6] *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 279 (5th Cir. 2023).

[7] *Carlucci*, 884 F.3d at 537 (internal quotation marks omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Id.*

[10] *Chhim v. Univ. of Tex.*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

[11] *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

No. 22-10962

To assess whether *Bivens* provides a cause of action for a particular claim, we apply a two-step inquiry that asks (1) "whether the case presents a new *Bivens* context," and, if so, (2) whether "special factors" weigh against extending a *Bivens* remedy.[12]

> There are three existing *Bivens* contexts:
>
> In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388[ (1971)], the Court broke new ground by holding that a person claiming to be the victim of an unlawful arrest and search could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim. The Court subsequently extended *Bivens* to cover two additional constitutional claims: in *Davis v. Passman*, 442 U.S. 228[] (1979), a former congressional staffer's Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, 446 U.S. 14[] (1980), a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment.[13]

"Virtually everything else is a 'new context'"[14] because the case need only be "different in [one] meaningful way from previous *Bivens* cases" for the "context [to be] new."[15] Furthermore, it can be a new context "even if 'a plaintiff asserts a violation of the same clause of the same amendment *in the*

---

[12] *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal quotation marks omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 138-39 (2017)).

[13] *Hernandez v. Mesa*, 589 U.S. 93, 99 (2020).

[14] *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

[15] *Ziglar*, 582 U.S. at 139.

*same way*'" as an existing *Bivens* context.[16]  Possible meaningful differences include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; [and] the presence of potential special factors that previous *Bivens* cases did not consider.[17]

The two inquiries "often resolve to [the] single question[]" of "whether there is any reason to think that Congress might be better equipped to create a damages remedy."[18]  "[S]eparation-of-powers principles are . . . central to the analysis" of *Bivens*'s expansion,[19] and expanding *Bivens* causes of action is "a 'disfavored' judicial activity."[20]

This case involves claims of a failure to provide medical attention to a prisoner in federal custody in violation of the Eighth Amendment. Therefore, it is most similar to *Carlson*.  In *Carlson*, the Supreme Court held that a prisoner's estate had a monetary remedy under the Eighth Amendment when federal prison officials caused the prisoner's death by failing to treat his asthma.[21]  Unlike the plaintiff in *Carlson*, Vaughn did not die from a failure to provide medical attention, and his need for medical

---

[16] *Oliva*, 973 F.3d at 442 (quoting *Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)).

[17] *Ziglar*, 582 U.S. at 140.

[18] *Egbert v. Boule*, 596 U.S. 482, 492 (2022).

[19] *Ziglar*, 582 U.S. at 135.

[20] *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020) (quoting *Ziglar*, 582 U.S. at 135).

[21] *Carlson v. Green*, 446 U.S. 14, 16 & n.1 (1980).

attention did not relate to asthma. Moreover, unlike at the time of *Carlson*, prisoners now have access to an administrative remedy process through which they can address their grievances.[22] We turn to Fifth Circuit precedent to determine whether these differences are meaningful.

In *Carlucci v. Chapa*,[23] this court stated that "[a]lthough the factual scenarios allowing recovery should be narrowly construed, there is an implied right of action against a federal actor who shows deliberate indifference to a prisoner's serious medical needs in violation of the Eighth Amendment."[24] It therefore held that the plaintiff had a cause of action under *Bivens* for his allegations that, while he was incarcerated in a federal prison, a disorder of his jaw caused his front teeth to crack and break and that various prison personnel were deliberately indifferent to his medical needs.[25] As in the case before us, the plaintiff in *Carlucci* did not die, his need for medical attention did not relate to asthma, and he had access to the administrative remedy process.[26] We are bound by *Carlucci* to hold that the case before us does not present a new *Bivens* context.

## B

We now address whether Vaughn has sufficiently pled a violation of his Eighth Amendment rights. "The denial or delay of treatment for serious medical needs violates the Eighth Amendment, which prohibits cruel and

---

[22] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (citing 28 C.F.R. § 542.10 (2001)).

[23] 884 F.3d 534 (5th Cir. 2018).

[24] *Id.* at 538. *But see Petzold v. Rostollan*, 946 F.3d 242, 246-48 & n.21 (5th Cir. 2019) (stating in dicta that a *Bivens* cause of action was likely not available to a diabetic prisoner who injured an ankle and alleged deliberate indifference by prison officials).

[25] *Carlucci*, 884 F.3d at 536-37.

[26] *Id.*

unusual punishment."[27] "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."[28] "To show a violation of the Eighth Amendment, the plaintiff must prove: (1) 'objective exposure to a substantial risk of serious harm'; and (2) 'that prison officials acted or failed to act with deliberate indifference to that risk.'"[29] Deliberate indifference "equates to the 'unnecessary and wanton infliction of pain.'"[30]

"[T]he denial of recommended medical treatment is often sufficient to show deliberate indifference" and a "delay in medical treatment that results in substantial harm can constitute deliberate indifference."[31] However, a "disagreement about the recommended medical treatment is generally not sufficient."[32] To satisfy this "extremely high standard," a litigant "must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[33]

## 1

We first address the district court's conclusion that Vaughn's deliberate indifference claim against Padilla Luna was frivolous. As described

---

[27] *Id.* at 538 (citing *Estelle v. Gamble*, 429 U.S. 97, 101 (1976)).

[28] *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

[29] *Carlucci*, 884 F.3d at 538 (quoting *Gobert*, 463 F.3d at 345-46).

[30] *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

[31] *Id.*

[32] *Id.*

[33] *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks omitted) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

above, the district court cited both 28 U.S.C. §§ 1915(e)(2) and 1915A when it dismissed the claims as frivolous. Claims dismissed under § 1915A are reviewed de novo.[34] By contrast, claims dismissed as frivolous under § 1915(e)(2)(B)(i) are reviewed for abuse of discretion.[35] The dismissal in the present case can be upheld even under a de novo standard, and we therefore analyze the dismissal de novo.

Vaughn alleges that Padilla-Luna did not personally evaluate him and may not have been consulted at all. He also alleges that Padilla-Luna told him, "they say they contacted me the night you were injured, but they never did." Further, Vaughn does not allege that Padilla-Luna knew the details of his condition. Such allegations are insufficient to plead deliberate indifference, and the district court properly dismissed this claim as frivolous.

**2**

We now address the district court's dismissal of Vaughn's claims against the remaining defendants for failure to state a claim.

Prior to issuing the findings, conclusions, and recommendation, the magistrate judge requested authenticated records from the correctional institution at which the claim arose, the warden, and the Federal Bureau of Prisons. The magistrate judge used these records to conclude that the injury was not serious, the delay in treatment was justified, and the only lasting impact of the injury was permanent disfigurement. The district court provided no further analysis, instead solely addressing whether *Bivens* provides a cause of action and adopting the magistrate judge's remaining findings. While a request for records is permitted in these circumstances,

---

[34] *Carlucci*, 884 F.3d at 537 (citing *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010)).

[35] *Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 279 (5th Cir. 2023).

when the authenticated record "conflicts with the *pro se* plaintiff's allegations, the district court must accept the plaintiff's allegations as true, not the records in the report."[36]  Here, the magistrate judge failed to treat the plaintiff's allegations as true, instead crediting the authenticated record even when the record conflicted with the pleadings.

Construing the facts in the light most favorable to Vaughn, Vaughn alleges that he requested medical treatment from Bassett shortly after his life-threatening injury, while his face was visibly caved in and his nose was bleeding.  However, Bassett decided to send him back to his dorm, and Vaughn was not treated until the next day despite his severe pain.  Vaughn alleges that while Bassett may have consulted nurse Padilla-Luna about this decision, Padilla-Luna told Vaughn that she was not consulted.  Further, neither Padilla-Luna nor any other medical professional personally evaluated Vaughn that day.  In addition, Vaughn alleges that Crnkovich and Pence (1) failed to arrange for Vaughn to visit an ophthalmologist, contradicting the hospital's instructions; (2) failed to transmit CAT scan images to Vaughn's maxillofacial surgeon that were necessary for him to perform surgery; (3) failed to facilitate Vaughn's return to the surgeon for approximately six weeks, despite his repeated requests and the surgeon's instructions, which foreclosed near-term surgery and resulted in Vaughn's permanent disfigurement and possible need for riskier surgery in the future; and (4) did not provide Vaughn with pain medication at the intervals prescribed by the doctor, thereby increasing the pain he experienced following his injury.

In *Harris v. Hegmann*,[37] this court held that a plaintiff stated a claim when the plaintiff requested immediate medical treatment for a broken jaw

---

[36] *Id.* at 280 (quoting *Davis v. Lumpkin*, 35 F.4th 958, 964 (5th Cir. 2022)).

[37] 198 F.3d 153 (5th Cir. 1999) (per curiam).

and complained of excruciating pain and the three defendants knew of the substantial risk to the prisoner's health when they denied him treatment.[38] "In another case, we found the standard satisfied with allegations that a nurse 'refused to provide any treatment to, and ignored the complaints of, a patient suffering from severe chest pain that she knew had a history of cardiac problems.'"[39] In *Carlucci*, we held that the plaintiff stated a plausible claim for relief when his dentist recommended oral surgery to prevent the plaintiff's teeth hitting each other and breaking or cracking but the prison did not provide the recommended treatment.[40] Vaughn similarly alleges (1) a severe injury of which the defendants were aware and knew the risk to Vaughn and (2) for which he received delayed and inadequate treatment. Vaughn's allegations state a plausible claim for relief under this court's precedent.

Without expressing an opinion on the merits of his claim, we vacate and remand Vaughn's claims against Bassett, Crnkovich, and Pence for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We therefore vacate the award of a strike under 28 U.S.C. § 1915(g).

\* \* \*

The district court's judgment is AFFIRMED in part and VACATED in part. The case is REMANDED for further proceedings consistent with this opinion.

---

[38] *See Thompson*, 67 F.4th at 281-82 (describing *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999) (per curiam)).

[39] *Id.* at 282 (describing *Easter v. Powell*, 467 F.3d 459 (5th Cir. 2006) (per curiam)).

[40] *Carlucci v. Chapa*, 884 F.3d 534, 539 (5th Cir. 2018).